**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cr-411 SEP |
| ) | |
| ESRAIL BRITTON, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On April 16, 2021, officers with the St. Louis Metropolitan Police Department discovered a gun in Defendant's vehicle after an incident at Mobil gas station where there were reports of a young man waving a gun around. On July 21, 2021, Defendant was charged in a one count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 17, 2022, Defendant filed a Motion to Suppress, Doc. [35], and on June 2, 2022, an Amended Motion to Suppress, Doc. [40]. Defendant argues that the stop exceeded the permissible scope of a stop under *Terry v. Ohio*, 392 U.S. 1 (1968), and that all evidence seized during the stop should be suppressed.

On August 25, 2022, the Honorable Stephen R. Welby held an evidentiary hearing on Defendant's Motion to Suppress and Amended Motion to Suppress. Defendant and the United States filed post-hearing briefs. Docs. [49], [52]. On November 28, 2022, Magistrate Judge Welby filed a report and recommendation to this Court that Defendant's motions be denied. Doc. [53]. On December 5, 2022, Defendant filed objections to the report and recommendation. Doc. [54]. The United States filed its response to Defendant's objections on January 10, 2023. Doc. [55].

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. *Thompson v. Nix,* 897 F.2d 356, 357–58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the reasons stated below, Defendant's objections are sustained in part and overruled in part. The Court adopts in part and modifies in part the report and recommendation of Judge Welby.

Defendant's first objection is to Judge Welby's legal conclusion that his "detention was an investigatory stop which did not turn into a *de facto* arrest simply because he was placed in handcuffs." Doc. [54] at 2.  Specifically, Defendant objects to one factual finding relied on by the Magistrate Judge in reaching that legal conclusion:  that Officer McDonnell was alone with Defendant *until* McDonnell searched Defendant's vehicle and found the firearm.

The report and recommendation finds as a matter of fact that Officer McDonnell was alone when he placed Defendant in handcuffs, and that "Officer McDonnell then searched the vehicle . . . [and] found a firearm underneath the driver's seat" and "[w]hile Officer McDonnell was conducting his search, a second officer arrived at the scene." Doc. [53] at 5.  Later, analyzing whether the investigatory stop of Defendant was a *de facto* arrest, Judge Welby states in his conclusions of law:

> To determine whether an investigatory stop has been converted into a *de facto* arrest, the Court considers a number of factors laid out by the Eighth Circuit in *United States v. Seelye*, 815 F.2d 48, 50 (8th Cir. 1987).  The factors are used to determine whether the amount and kind of force used was reasonable and consistent with an investigative stop including: (1) the number of officers and police cars involved; (2) the nature of the crime and whether there is reason to believe the suspect is armed; (3) the strength of the officer's articulable, objective suspicions; (4) the need for immediate action by the officer; (5) the presence or lack of suspicious behavior or movement by the person under observation and (6) whether there was an opportunity for the officer to have made the stop in less threatening circumstances.  *Id*.
>
> Applying the *Seelye* factors, Officer McDonnell's decision to place Defendant in handcuffs was reasonable and consistent with an investigatory stop. First, Officer McDonnell was alone at the time he initially detained Defendant. While he had called for backup, no additional officers had arrived when Defendant returned to his vehicle.  Police officers may handcuff a suspect during a *Terry* stop to protect their personal safety and maintain the status quo.  *United States v. Martinez*, 462 F.3d 903 (8th Cir. 2006); *United States v. Navarrete–Barron*, 192 F.3d 786, 791 (8th Cir. 1999).  Such actions do not constitute an arrest, *Martinez*, 462 F.3d at 907, unless the detention "lasts for an unreasonably long time or if officers use unreasonable force." *United States v. Maltais*, 403 F.3d 550, 556 (8th Cir. 2005) (quotation omitted).  There is no evidence to suggest Officer McDonnell used unreasonable force in handcuffing Defendant, and Defendant was handcuffed for less than ten minutes until Officer McDonnell found the firearm in Defendant's vehicle.  Defendant argues there were multiple officers and police cars present after Officer McDonnell detained Defendant, he was not armed, he was un-evasive and cooperative, and his car remained out of reach.  The evidence submitted at the evidentiary hearing shows Officer McDonnell was alone when he first detained Defendant.  While Officer McDonnell was searching the vehicle and ultimately

> found the firearm, his partner arrived followed by a third officer. Thus, at the point when Officer McDonnell is no longer the sole officer at the scene and the need for Defendant to be in handcuffs may have abated, he discovered evidence giving him probable cause to arrest Defendant. *See Navarrete-Barron*, 192 F.3d at 790 ("The detention did not last an unreasonably long time before probable cause was established to arrest the defendant.").
>
> For the second factor, while Officer McDonnell no longer believed Defendant was armed, he had a reasonable suspicion Defendant had recently been armed and the firearm was in the vehicle Defendant was approaching. For the third factor, as noted above Officer McDonnell had strong articulable, objective suspicions that Defendant was a felon who had recently possessed a firearm and was about to again be in actual control of that firearm. For the fourth factor, Officer McDonnell needed to take immediate action because Defendant was quickly approaching his vehicle, and he would gain immediate access to the firearm, and also have the ability to drive away. For the fifth factor, Officer McDonnell's observations of Defendant did not indicate suspicious behavior or movement by Defendant. For the final factor, there was no opportunity for Officer McDonnell to make the stop in less threatening circumstances. If he had waited for backup to arrive, which could have potentially negated the need for Defendant to be placed in handcuffs, Defendant would have reached his vehicle, armed himself, and potentially driven away. These factors establish Defendant's detention was an investigatory stop which did not turn into a de facto arrest simply because he was placed in handcuffs. While Defendant questions whether Officer McDonnell had knowledge that Defendant was in possession of a firearm, a reasonable officer would believe the object seen on Defendant's body from the video at the gas station was a firearm. *United States v. Green*, 946 F.3d 433, 439 (8th Cir. 2019) ("In determining whether reasonable suspicion exists, we consider the totality of the circumstances in light of the officers' experience and specialized training."). Because this was an investigatory stop, and not an arrest, Officer McDonnell did not need probable cause but only reasonable suspicion, which he had. Officer McDonnell's investigatory stop and detention of Defendant were constitutional and did not violate Defendant's rights under the Fourth Amendment.

Doc. [53] at 8-10.

Defendant takes issue with the following part of that analysis:

> While Officer McDonnell was searching the vehicle and ultimately found the firearm, his partner arrived followed by a third officer. Thus, at the point when Officer McDonnell is no longer the sole officer at the scene and the need for Defendant to be in handcuffs may have abated, he discovered evidence giving him probable cause to arrest Defendant.

*Id*. at 9.

The undersigned has performed a de novo review of Defendant's motions, including all initial briefs, the hearing transcripts, the post-hearing briefs, and the objection and response

3

briefs.  The Court has also viewed the exhibits admitted during the evidentiary hearing.  After such review and careful consideration, the Court agrees with Defendant that the record does not support the finding that Officer McDonnell remained alone with Defendant until the time that he searched the vehicle.  The video footage offered by the Government as Exhibit 8 at the evidentiary hearing does show that Officer McDonnell was alone with Defendant when he handcuffed him, but another officer arrived at approximately the 02:42 second mark, while Officer McDonnell did not begin his search of Defendant's vehicle until approximately the 04:03 second mark.  Evid. Hr'g Ex. 8.  Therefore, Defendant's objection to the factual finding that "other officers did not arrive until [Officer McDonnell] searched his vehicle" is sustained, and the report and recommendation is modified to reflect the same.  Doc. [54] at 2.

      The Court disagrees with Defendant, however, that the corrected factual record—even "bolstered by the other factors emphasized in [Defendant's] post hearing brief," Doc. [54] at 3, shows that the encounter exceeded the permissible scope of a *Terry* stop and segued into a *de facto* arrest.  With respect to the first *Seelye* factor (i.e., the number of officers involved), it remains undisputed that Officer McDonnell was alone with Defendant for at least approximately two minutes when he initially encountered him, and that he handcuffed the Defendant while they were alone, which the Court agrees with Judge Welby was reasonable for Officer McDonnell's own safety.  *See United States v. Morgan*, 729 F.3d 1086, 1091 (8th Cir. 2013) ("[P]olice officers reasonably may handcuff a suspect during the course of a *Terry* stop to protect their personal safety.").  It is true, as Defendant points out, that a second officer arrived before the search of Defendant's vehicle, but according to the video evidence, that officer was present for only approximately one minute and 20 seconds before the firearm was discovered.

      There is no bright-line rule for determining whether a detention is too long or too intrusive to qualify as a *Terry* stop.  *United States v. Morgan*, 729 F.3d 1086, 1090 (8th Cir. 2013); *see also United States v. Fisher*, 364 F.3d 970, 973 (8th Cir. 2004) ("There is no 'litmus-paper test' or 'sentence or paragraph' rule to determine when, given the 'endless variations in facts and circumstances,' police-citizen encounters exceed the bounds of mere investigative stops.").  Under the circumstances of this case, the mere fact that two officers were present rather than one for less than 90 seconds before the weapon was located is not sufficient to convert the stop into a *de facto* arrest, or to alter Judge Welby's analysis of the first *Seelye* factor.  There still is nothing to indicate that Officer McDonnell used unnecessary force when handcuffing

Defendant; Defendant was handcuffed for less than ten minutes—and not even two minutes after the arrival of a second officer—before the gun was discovered, giving the officers probable cause to arrest him.  *See Williams v. Decker*, 767 F.3d 734, 741 (8th Cir. 2014) ("Taking roughly thirty minutes to accomplish this investigation did not run afoul of the Fourth Amendment." (collecting cases)).  And Defendant does not argue that the factual discrepancy has any bearing on the other five *Seelye* factors, as to which the Court agrees with Judge Welby's analysis and adopts it in full.  Therefore, the Court adopts Judge Welby's legal conclusion that "Defendant's detention was an investigatory stop which did not turn into a de facto arrest . . . . and did not violate Defendant's rights under the Fourth Amendment."  Doc. [53] at 10.

Defendant also objects to the legal conclusion in the report and recommendation that Office McDonnell had probable cause to search his vehicle.  Having reviewed de novo Defendant's objections to the report and recommendation with respect to the question of probable cause, the Court adopts Judge Welby's analysis of the issue.  Defendant raises no argument that was not fully presented to Judge Welby, and the Court agrees with Judge Welby's analysis and conclusion that, applying the collective knowledge doctrine, Officer McDonnell had probable cause to search Defendant's vehicle.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections to the Report and Recommendation, Doc. [53], are **OVERRULED** in part and **SUSTAINED** in part consistent with this Order.

**IT IS FURTHER ORDERED** that the Report and Recommendation is **ADOPTED** in part and **REJECTED** in part consistent with this Order.

**IT IS FINALLY ORDERED** that Defendant Esrail Britton's Motion to Suppress, Doc. [35], and his Amended Motion to Suppress, Doc. [40], are hereby **DENIED.**

A jury trial in this matter is set for **April 10, 2023 at 9:00 a.m.** in Courtroom 16N.

Dated this 21st day of February, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE